IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KEISHA DALTON, ) | |
|      Plaintiff, ) | |
| v. ) | No. 3:04-CV-9 |
| ) | (Phillips) |
| ROANE STATE COMMUNITY COLLEGE, et al., ) | |
|      Defendants ) | |

## MEMORANDUM AND ORDER

This is a discrimination action brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 794. Specifically, plaintiff seeks monetary damages for the alleged failure of defendants to honor certain agreed upon academic adjustments, which resulted in plaintiff's failure to complete the nursing program at Roane State Community College. This matter is before the court on defendants' motion for summary judgment. For the reasons which follow, defendants' motion will be denied, and this case will proceed to trial.

### Factual Background

The facts, taken in a light most favorable to plaintiff are as follows: Plaintiff, Keisha Dalton, was formerly a student in defendant Roane State's nursing program. Dalton, suspecting that she suffered from a learning disability, requested H. R. Anderson, Roane State's Director of Disability Services to test her. Dalton was also evaluated by a

private psychologist, Nancy Brown, Ph.D. Both Mr. Anderson and Ms. Brown found that Dalton has dyslexia and a documented need for academic adjustments in instruction and testing. Prior to the beginning of her nursing classes, Dalton met with Dean Beverly Bonner, Mr. Anderson and Priscilla Spitzer, Roane State's Director of Nursing. The following list of accommodations were drawn up and agreed to by Roane State and Dalton:

1. Unlimited time for testing in isolation.

2. Outline of necessary steps in problem solving.

3. Use of a calculator.

4. List of math and other formulas (May not be needed unless some very technical questions are posed. It just depends upon instructor discretion of the limits of test integrity).

5. Tutoring as needed (Bonner will check on possibility of reimbursement to Keisha regarding summer tutor pay out of pocket). Roane State will reimburse.

6. Obtain and provide books on tape (Bonner will provide books on tape, and Keisha will let me know as soon as she knows from the nursing department, the titles of books needed for next year, as it takes some time for the books to be taped).

7. Use of computer and spell checker (the use of computer and spell checker would probably not be necessary as nursing exams are in multiple choice form, as we discussed in our meeting. If a paper is required at some point, the accommodation will be made for Keisha).

8. Note takers as needed.

9. Provision to sit in the front of classes (Keisha will provide letter frm psychologist indicating absolute need for prearrangement, as students sit in front on a first come basis according to Ms. Spitzer). Not needed at this time.

10. Provision of alternative testing, oral, taped, etc., (Every effort will be made given the resources at any given Roane State location, and arrangements with our testing centers.

11. Provision of visual materials such as video and CD ROM (Ms. Spitzer indicated that the only resource here is a website that she had found very helpful).

During the Fall 2002 and Spring 2003 semesters, Dalton's instructors allegedly refused to honor any of the accommodations, or complied with them on an inconsistent basis. Dalton complained to Spitzer, Director of the nursing program, and to her instructors, but nothing was done. During the Spring 2003 semester, Dalton came under the instruction of Sheila Steele. Dalton alleges that Steele was hostile to her disability and refused to honor or respect Dalton's academic adjustments.

During her clinical rotation in Spring 2003, Dalton was required to perform certain nursing skills and procedures on actual patients. On the first day of clinical rotation, Steele, Dalton's clinical instructor, noted several concerns that she considered to be deficient performance. Steele scheduled a clinical conference with Dalton to address her concerns. Following the conference, Dalton requested a meeting with Steele and Spitzer at which she requested a change to a different clinical instructor. The request was denied.

On the second clinical day with Steele, she observed Dalton's performance and again noted deficiencies. Steele scheduled a second clinical conference with Dalton. Thereafter, a second meeting was held to discuss Dalton's request for a change in clinical

instructors. Dalton was reassigned to Maureen Cadmus for the remainder of the clinical rotation. Cadmus observed plaintiff's performance with patients during three clinical days, and noted deficiencies in Dalton's performance. At Dalton's clinical evaluation conference, Cadmus and Spitzer reviewed the deficiencies in Dalton's clinical performance and advised Dalton that she had not met the clinical objectives for the course. As a result, Dalton failed the clinical portion of the course and subsequently withdrew from the course. Since the course was a prerequisite to the Fall 2003 classes, Dalton was not allowed to progress in the Fall. Dalton did not seek readmission to Roane States' nursing program, instead, she enrolled at Lincoln Memorial University's school of nursing where she has completed four courses, obtaining "A" and "B" grades.

The court previously granted defendants' motion to dismiss plaintiff's 42 U.S.C. § 1983 claims against Roane State and Priscilla Spritzer and Sheila Steele, in their official capacities, as well as the Rehabilitation Act claims against defendants Spitzer and Steele, in their individual capacities. Plaintiff's Rehabilitation Act claims against Roane State and against Spitzer and Steele, in their official capacities as Roane State employees remain.

Defendants have moved for summary judgment on plaintiff's Rehabilitation Act claim asserting that plaintiff cannot establish a *prima facie* case under the Act. Thus, defendants state, there is no genuine issue as to any material fact, and defendants are entitled to judgment as a matter of law.

Plaintiff opposes the motion, stating that there are genuine issues of material fact as to her claim under the Rehabilitation Act and defendants' motion for summary judgment should be denied. Dalton asserts that defendants refused to honor any of the agreed upon accommodations, or complied with them on an inconsistent basis. As a result, she was not able to successfully complete her clinical courses at Roane State. Dalton further alleges that Steele was hostile to her disability and set out to remove her from the nursing program by making false statements to Roane State's administration regarding her progress.

Analysis

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In ruling on a motion for summary judgment, the court views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank,* 916 F.2d 337, 342 (6th Cir. 1990). A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish

the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

To establish a *prima facie* case under the Rehabilitation Act, Dalton must prove the following elements: (1) that she is a "handicapped person" under the Act; (2) that she is "otherwise qualified" for participation in the nursing program; (3) that she was excluded from participation in, or denied the benefits of, or was subjected to discrimination solely by reason of her handicap; and (4) that Roane State's nursing program is receiving federal financial assistance. *Burns v. City of Columbus,* 91 F.3d 836, 841 (6th Cir. 1996). *See also, Doherty v. Southern College of Optometry,* 862 F.2d 570, 575 (6th Cir. 1988).

Defendants do not dispute that Roane State receives federal financial assistance; however, defendants assert they are entitled to summary judgment because Dalton cannot establish a *prima facie* case under elements one, two and three of the Rehabilitation Act. Specifically, defendants aver Dalton cannot establish that she is a "handicapped person" under the Act because she cannot establish that her dyslexia substantially impaired her ability to learn. Defendants also aver that plaintiff cannot establish that she is "otherwise qualified" for participation in Roane State's nursing program because she cannot establish that she can meet the necessary requirements of the program with reasonable accommodation. Finally, defendants aver that Dalton cannot establish that she was excluded from participation in, denied the benefits of, or was subjected to discrimination under the nursing program solely by reason of her dyslexia.

Under the Rehabilitation Act, an "individual with a disability" is a person who (1) has a physical or mental impairment which substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 29 U.S.C. § 705(20)(B). Defendants concede that learning has been defined as a major life activity. *See* 29 C.F.R. § 1614.203(a)(3). However, they dispute that Dalton's dyslexia "substantially" impaired her ability to learn. In support of their position, defendants point out that Dalton successfully obtained a Nursing Assistant certificate from Tidewater Tech with a 93.0 GPA and successfully completed seven different courses at Roane State prior to entering the nursing program with a 3.857 GPA. No reasonable jury, defendants argue, could find that Dalton's dyslexia substantially limited her in the major life activity of learning. Thus, Dalton cannot establish that she is a "handicapped person" under the Act.

The record in this case shows that Roane State's Director of Disability Services, Mr. Anderson determined that Dalton suffers from a learning disability and issued a list of recommended accommodations for her to utilize in her course work. Dr. Brown, Clinical Psychologist, certified Dalton as learning disabled in the following areas: basic reading skill; written expression; and mathematics reasoning. Dr. Brown also recommended several academic accommodations. Moreover, the Dean of the nursing school, Ms. Bonner, met with Mr. Anderson, Dalton and the Director of Nursing, Ms. Spitzer and agreed on certain accommodations for Dalton's nursing curriculum. The record

contains evidence that Dalton's dyslexia affected her ability to learn; that she had a record of such an impairment; and that Roane State regarded her as having an impairment. Thus, I find that Dalton was presented sufficient evidence from which a reasonable jury could conclude that she is a "handicapped person" as defined in the Rehabilitation Act.

As to the second element, Dalton can establish that she is "otherwise qualified" if she can show that she is qualified to participate in the nursing program if she can meet its necessary requirements with reasonable accommodation by the defendants. *Doe v. Woodford Co. Bd. Of Edu.*, 213 F.3d 921, 925 (6th Cir. 2000); *Kaltenberger v. Ohio College of Podiatric Medicine*, 162 F.3d 432, 435 (6th Cir. 1988).

Roane State's nursing program has clinical proficiency requirements that are a part of the nursing curriculum. In the laboratory, students are taught nursing procedures and skills that, under the supervision of their clinical instructor, they are required to correctly and timely perform on actual patients during clinical rotations. Defendants argue that the agreed upon accommodations Dalton enjoyed in her other nursing classes were not applicable in the clinical courses and Dalton was held to the same standards as the other nursing students. Defendants state that Dalton's clinical instructors determined that she failed to demonstrate mastery of the clinical proficiency requirements. Thus, defendants argue, even with the accommodations Dalton received in the lab portions of her courses, her failure of the clinical rotation requirements evidences the fact that she was not "otherwise qualified" for the nursing program.

Dalton responds that the best evidence showing that she is "otherwise qualified" to attend and pass nursing school is her subsequent performance at Lincoln Memorial University's (LMU) school of nursing. Dalton has taken the following courses and received the accompanying grades: NURS-125 ZO Physiological - A; NURS-126 ZO Psychosocial -A; NURS-241 ZO Prom Adapt Adults 1- B, and NURS-245 ZO Prom Adapt Children - A. Dalton testified that LMU strictly follows the accommodations agreed upon by plaintiff and Roane State. Dalton also testified that her classes at LMU represent both lab and clinical work for which she has demonstrated proficiency. Dalton further states that she is due to graduate from LMU at the end of the Fall 2005 semester with an Associates Degree in Nursing, the same degree she had hoped to complete at Roane State.

Dalton also points to her performance in Care of the Childbearing Family during Spring semester at Roane State as evidence that she can succeed in the nursing program with reasonable accommodation. That course included a lecture and clinical portion, which included seeing, treating and evaluating patients. Dalton states that her professor honored the agreed upon accommodations and she received a B in the course. Based on the foregoing, I find that Dalton has presented evidence from which a reasonable jury could find that she is "otherwise qualified" for the nursing program, as defined in the Rehabilitation Act.

As to the third element, Dalton must establish that she was excluded from participation in, or denied the benefits of, or was subjected to discrimination solely by

-9-

reason of her handicap. *See Burns,* 91 F.3d at 841; *Doherty,* 862 F.2d at 573. Dalton states that she was refused accommodations by four instructors, Fay Freeman, Charlene LeMay, Maureen Cadmus, and Sheila Steele. Specifically, she was refused the accommodation of outline of necessary steps in problem solving; she was not allowed to use notes which negatively impacted her in clinical rotation because of her problem with memorization; she was refused the accommodations of list of math and other formulas; and tutoring. Spitzer testified that Roane State instructors had no discretion whether to follow Dalton's accommodations. In contrast, Dalton testified that Steele informed her that academic accommodations would not be honored in her classes. Dalton further testified that Steele was hostile to her during class, refused to answer basic questions, and denied her tutoring. Additionally, Dalton stated that Steele falsely accused her of academic deficiencies; falsely accused her of being unprepared for clinic; and falsely accused her of making a medication error, all of which prompted Dalton's request for a change in instructors.

Once her clinical instructor was changed to Maureen Cadmus, Dalton testified that Cadmus refused to honor the accommodations of outline of necessary steps in problem solving, a list of math and other formulas, and tutoring. Following her clinical classes with Steele and Cadmus, Spitzer told Dalton that she needed to withdraw or she would fail. As a result, Dalton was prohibited from enrolling in Fall classes because the clinical courses were a prerequisite. Viewing these facts in a light most favorable to plaintiff, I find that Dalton has set forth evidence from which a reasonable jury could find

-10-

that she was denied reasonable academic accommodations such that she was excluded from participation in, denied the benefits of, and discriminated against by Roane State on the basis of her dyslexia.

The court must view the facts and all inferences to be drawn therefrom in the light most favorable to plaintiff. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The court is not to weigh the evidence or judge the credibility of witnesses. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). At this juncture in the proceedings, Dalton has presented sufficient evidence to create genuine issues of fact as to her claims under the Rehabilitation Act. These issues of fact will have to be decided by a jury. Defendants' motion for summary judgment will therefore be denied.

### Conclusion

For the reasons stated above, defendants' motion for summary judgment [Doc. 28] is **DENIED.** The parties will prepare for trial.

**IT IS SO ORDERED**.

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge