# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| KEISHA DALTON,<br>    Plaintiff,<br>v.<br><br>ROANE STATE COMMUNITY COLLEGE, et al.,<br>    Defendants | )<br>)<br>)   No. 3:04-CV-9<br>)   (Phillips)<br>)<br>) |

## MEMORANDUM AND ORDER

This is a discrimination action brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 794. Specifically, plaintiff seeks monetary damages for the alleged failure of defendants to honor certain agreed upon academic adjustments, which resulted in plaintiff's failure to complete the nursing program at Roane State Community College. The case was tried to a jury over a two-day period and resulted in a jury verdict in favor of Roane State. Plaintiff now moves the court for an order setting aside the jury verdict and granting a new trial pursuant to Rule 59(a), Federal Rules of Civil Procedure.

As grounds for her motion, plaintiff states the jury's verdict that she did not have a disability that substantially limited one or more major life activities is against the clear weight of the evidence. Defendants, on the other hand, argue that the testimony

1

presented at trial does not conclusively demonstrate that plaintiff's impairment substantially limited her ability to learn. For the reasons which follow, plaintiff's motion for new trial will be denied.

I

Under the Federal Rules of Civil Procedure, a court may set aside a jury verdict and grant a new trial "to all or any of the parties and on all or part of the issues ... for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed.R.Civ.P. 59(a). Courts have generally interpreted this language to allow a new trial when a jury has reached a "seriously erroneous result," which may occur when (1) the verdict is against the weight of the evidence; (2) the damages awarded are excessive; or (3) the trial was unfair to the moving party in some fashion (i.e., the proceedings were influenced by prejudice or bias). *See Holmes v. City of Massillon,* 78 F.3d 1041, 1045-46 (6th Cir. 1996). The burden of demonstrating the necessity of a new trial is on the moving party, *Clarksville-Montgomery Co. Sch. Sys. v. U.S. Gypsum Co.,* 925 F.2d 993, 1002 (6th Cir. 1991), and the ultimate decision whether to grant such relief is a matter vested within the sound discretion of the district court. *See Anchor v. O'Toole,* 94 F.3d 1014, 1021 (6th Cir. 1996); *Davis v. Jellico Community Hosp., Inc.,* 912 F.2d 129, 133 (6th Cir. 1990) (limiting a court's responsibility to preventing an injustice); *Browne v. Signal Mountain Nursery,* 286 F.Supp.2d 904, 908 (E.D.Tenn. 2003).

II

Plaintiff, Keisha Dalton contends the jury ignored the clear weight of the evidence in finding that she was not disabled under the Rehabilitation Act. Under the Rehabilitation Act, an "individual with a disability" is a person who (1) has a physical or mental impairment which substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 29 U.S.C. § 705(20)(B). It is undisputed that learning has been defined as a major life activity. *See* 29 C.F.R. § 1614.203(a)(3). However, the parties dispute whether Dalton's dyslexia "substantially" impaired her ability to learn.

In order to establish discrimination under the Rehabilitation Act, Dalton must prove the following elements: (1) that she is a "handicapped person" under the Act; (2) that she is "otherwise qualified" for participation in Roane State's program; (3) that she was excluded from participation in, or denied the benefits of, or was subjected to discrimination solely by reason of her handicap; and (4) that Roane State's nursing program is receiving federal financial assistance. *Burns v. City of Columbus,* 91 F.3d 836, 841 (6th Cir. 1996). *See also, Doherty v. Southern College of Optometry,* 862 F.2d 570, 575 (6th Cir. 1988).

At trial, Dalton had the burden of proving, by a preponderance of the evidence, each element of her asserted causes of action. *Monette v. Electronic Data Sys, Corp.,* 90 F.3d 1173, 1186 (6th Cir. 1996). Dalton proffered the testimony of Priscilla Spitzer, Director of Roane State's Nursing Program. Spitzer acknowledged Dalton received academic accommodations as a result of her dyslexia in college and in the Nursing

3

Program. Spitzer understood that dyslexia meant that Dalton would transpose words and numbers, resulting in difficulty in math and reading. Prior to entering nursing school, Dalton and Roane State entered into an agreed set of accommodations for Dalton.

Dr. Nancy Brown, licensed clinical psychologist evaluated Dalton for educational purposes in the Spring of 2000. Dr. Brown certified Dalton as disabled for educational purposes in the areas of basic reading skills, written expression, and mathematical reasoning skills. Dr. Brown also opined that Dalton had limitations in her short term memory, auditory processing, and difficulty with phonetics. Dr. Brown confirmed Dalton's academic weaknesses and need for accommodations. Dalton also presented the testimony of Beverly Bonner, Disability Coordinator at Roane State. Dean Bonner worked out a list of accommodations with Dalton for her college curriculum and for nursing school.

Dalton argues that no dispute exists that she has dyslexia and that learning is a major life activity. Based on the witnesses' testimony, Dalton avers the clear weight of the evidence overwhelmingly supports the conclusion that she was provided with academic accommodations as a direct result of her dyslexia. Thus, Dalton argues she has established that she was disabled, as defined under the Rehabilitation Act, contrary to the jury's verdict.

Roane State presented opposing proof on the issue of disability as follows: Dalton testified that prior to her studies at Roane State, she attended Tidewater Tech where she earned a Certified Nursing Assistant (CNA) certificate. Dalton stated that the

4

CNA program contained 308 hours of instruction, including 8 hours of class instruction on the nursing assistant career, 32 hours in anatomy and physiology, 8 hours in simple treatment and emergency care, and 16 hours in home health care, safety and infection control, and introduction to medical terminology. Dalton testified that she earned a 92% grade for the certificate. Dalton presented no evidence that she either requested or utilized academic accommodations in attaining the CNA certificate.

The jury also heard testimony that Dalton, after dropping out of high school, obtained her GED. There was no evidence that Dalton either requested or utilized academic accommodations in obtaining her GED.

Dalton also testified that before being accepted into the Nursing Program, she took certain prerequisite courses at Roane State. Dalton received grades of "B" and "A" for these courses. There was no evidence presented that Dalton utilized academic accommodations in completing these courses. The trial record also reflects that going into the Fall 2002 semester Dalton had attained a grade point average (GPA) of 3.857, and when she entered the Nursing Program, her GPA was 3.371. Dalton further testified that H. R. Anderson, Roane State's Director of Disability Services, issued a list of accommodations in the Fall of 1999, and that the accommodations were to be utilized during her college classes at Roane State. However, Dalton did not offer any direct testimony that she attained her grades as a result of any accommodations afforded her.

Dalton testified as to the effects of dyslexia on her ability to learn as follows:

> Since my short term memory is very weak, I have to make lots of notes, of course. After I get it into my long term memory, it is there forever. It is just the process of getting it into my brain and knowing it. It just takes a while. It takes longer than the average person. Reading takes a long time too. I just have to break it down and take my time.

The jury also heard Priscilla Spitzer, Roane State's Director of Nursing, testify that Spitzer offered to place Dalton with a full-time faculty member who would be available to give her extra attention, and that Dalton said that "she did not need extra help." Sharon Tanner, Roane State's Dean of Nursing testified that admission to the Nursing Program was competitive in that out of 600-800 applicants per year, only about 120 of the top applicants were selected based on ACT scores or previous college experience, GPA, and the number of hours attained. Tanner testified that Dalton "did very well" on the pre-admission nursing exam making almost in the 80th percentile. There was no evidence presented that any accommodations were provided to Dalton on the pre-admission exam.

While Dr. Nancy Brown, Ph.D. testified that Dalton has dyslexia, she also testified that she was currently functioning overall in the average range of intelligence; that she had no significant problems learning to read; that there were no significant signs of psychotic process, perceptual problems or neurological dysfunction; and that in terms of cognitive abilities, long-term and short-term memory processing speed, auditory processing skills, comprehension, knowledge, fluid reasoning, academic aptitude, and oral language, she was average.

6

The court instructed the jury that it was Dalton's burden to prove, by a preponderance of the evidence, that she was an individual with a disability which substantially limited one or more life activities as that term is defined under the Rehabilitation Act. The court instructed the jury that:

> The first element that plaintiff must prove is that she is an individual with a disability. Under the Rehabilitation Act, the term "individual with a disability" means a physical or mental impairment that substantially limits one or more major life activities. "Major live activities" are the normal activities of living such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, reproducing, and working.
>
> Not all physical or mental impairments constitute a disability, and it is not sufficient for individuals attempting to prove disability to merely submit evidence of impairment. In order for an impairment to qualify under the Rehabilitation Act, the impairment must "substantially impair a major life activity." An impairment that only moderately or intermittently prevents an individual from performing major life activities is not a substantial limitation under the Act.

The jury, as exclusive judge of the weight given and the credibility of the witnesses, heard the conflicting evidence and determined that Dalton had not proved, by a preponderance of the evidence, that she had a disability that substantially limited one or more major life activities. There was sufficient evidence from which a reasonable jury could come to the conclusion that while Dalton did have dyslexia, her condition did not rise to the level of a physical or mental impairment that substantially limited her ability to learn. The jury heard evidence concerning Dalton's psychological test results, her grades, her pre-admission nursing exam score, and her academic accomplishments, from which a reasonable jury could have determined that her dyslexia only moderately prevented her

7

from learning and that it was not a substantial impairment as defined by the Rehabilitation Act.

When ruling on a new trial motion claiming the verdict was against the weight of the evidence, the district court should "compare the opposing proofs and weigh the evidence." *Conte v. Gen. Housewares Corp.,* 215 F.3d 628, 637 (6th Cir. 2000); *Toth v. Yoder Co.,* 749 F.2d 1190, 1197 (6th Cir. 1984); *see also J.C. Wyckoff & Assoc. v. Standard Fire Ins. Co.,* 936 F.2d 1474, 1487 (6th Cir. 1991). The court should deny the motion and leave the jury's verdict undisturbed so long as it "could reasonably have been reached." *See Conte,* 215 F.3d at 637-38. Thus, a motion for a new trial should be denied "if the verdict is one that reasonably could be reached, regardless of whether the trial judge might have reached a different conclusion were he the trier of fact." *Mosley v. Kelly,* 65 F.Supp.2d 725, 739 (E.D. Tenn. 1999), quoting *Powers v. Bayliner Marine Corp.,* 83 F.3d 789, 796 (6th Cir. 1996). A jury's verdict "should not be considered unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable." *J.C. Wyckoff,* 936 F.2d at 1487. Rather, the court must compare the offered evidence and set aside the jury's verdict only if it is against the clear weight of the evidence as a whole. *Webster v. Edward D. Jones & Co.,* 197 F.3d 815, 818 (6th Cir. 1999).

Applying this standard, and having reviewed the evidence and considered the strengths and weaknesses of each side's proof, the court concludes it would not have been unreasonable for the jury to conclude Dalton failed to meet her burden of proof to show that

her dyslexia affected her ability to learn to the extent that she was disabled within the meaning of the Rehabilitation Act. Further, it would not have been unreasonable for the jury to credit Roane State's evidence showing that Dalton was not substantially limited in a major life activity as a result of her condition, and thus failed to show that she was disabled under the Rehabilitation Act. Viewing the case as a whole, assessing each of the witnesses' credibility, and examining the content and detail of their testimony, the court is unable to conclude the jury's verdict is a "seriously erroneous result," *See Holmes,* 78 F.3d at 1046-47, or runs contrary to the "clear weight of the evidence." *See J.C. Wyckoff,* 936 F.2d at 1487 (stating a jury's verdict "should not be considered unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable"). Accordingly, the court will deny Dalton's motion for a new trial.

## Conclusion

For the reasons stated above, Dalton's motion for new trial [Doc. 59] is hereby **DENIED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge